IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SORBIE ACQUISITION CO., Petitioner, | ) | |
| v. | ) | Civil Action No. 04-1926 |
| TREVOR SORBIE INTERNATIONAL, PLC, TREVOR SORBIE, Respondents. | ) | Judge McVerry<br>Magistrate Judge Hay |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of respondents (Docket No. 5) be denied.

II. REPORT

Presently before this Court for disposition is a motion to dismiss brought by respondents Trevor Sorbie International, PLC ("TSI") and Trevor Sorbie ("Sorbie").

Petitioner, Sorbie Acquisition Co. ("SAC"), commenced this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and Subchapter B, Common Law Arbitration, 42 Pa. C.S.A. §§ 7341 & 7342, by filing an application to modify and/or vacate portions of an arbitration award entered on October 25, 2004, which was largely favorable to respondents. At the same time, petitioner asks the Court to confirm the aspects of the award that are favorable to it.

According to petitioner's application, SAC is a corporation organized and existing under the laws of the State of Florida, TSI is a corporation organized and existing under the laws of the United Kingdom and Sorbie is a citizen and resident of the United Kingdom.[1] Arbitration proceedings were commenced by the parties stemming from a dispute regarding SAC's calculation of royalty payments and Sorbie's continued appearance at trade shows in North and South America which SAC claimed violated its rights in the Sorbie name and trademark.[2] An arbitration hearing was held on September 20-23, 2004, and on October 25, 2004, the arbitrators issued an award in which they found in favor of TSI and against SAC in the amount of $820,139.00, and in favor of SAC and against TSI in the amount of $100,000.00.[3] SAC moved for clarification and/or reconsideration on November 11, 2004, which was denied by the arbitration panel on November 24, 2004.[4] SAC filed the instant application on December 23, 2004.

Respondents have now filed a motion to dismiss in which they initially argue that the Court lacks *in personam* jurisdiction because service of process was not properly made under the FAA and the rules of civil procedure. Specifically, respondents complain that delivering copies of the summonses issued by the Clerk of Courts to counsel, as was done here, is insufficient as counsel is not an officer, managing agent, or general agent of TSI and is not otherwise authorized to receive service on behalf of either respondent. Respondents further

---

[1]Application ¶¶ 1, 2, 3.

[2]Application ¶¶ 6, 8-10.

[3]Application ¶¶ 6, 18.

[4]Application ¶ 7.

argue that the summonses were not only copies of what purported to be an original but that they did not bear the seal of the Clerk of Court as is required under the federal rules.

"'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" Omni Capital Intern., Ltd. v. Rudolf Wolff &Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987), quoting Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). Thus, before a federal court may exercise personal jurisdiction over a defendant, the plaintiff first must execute proper service of summons. Commodity Futures Trading Com'n v. Worldwide Commodity Corp., 366 F. Supp. 2d 276, 280 (E.D. Pa. 2005). While it is the plaintiff's burden to demonstrate that jurisdiction is proper, the court is obliged to accept all of the plaintiff's allegations as true and any disputed facts must be construed in the plaintiff's favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

The FAA provides:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court....

9 U.S.C. § 12. Respondents contend that because they are not residents of the Western District of Pennsylvania and, thus, are "nonresidents," the third sentence applies thereby requiring service to be made by a marshal in any district within which the adverse party may be found in like

manner as other process of the court. Because the Court of Appeals for the Second Circuit has found that the language "in like manner as other process of court" as found in section 9 of the FAA refers to Fed. R. Civ. P. 4, respondents argue that this Court should find that Rule 4 governs the manner in which service should be made on nonresidents under section 12 and that because petitioner has not made proper service under Rule 4 as it pertains to foreign individuals or foreign corporations, the application is properly dismissed.

Petitioner counters that the third sentence of section 12 only applies to nonresidents who may be found in another district within the United States and that because respondents are not within the United States it is inapplicable. Because the second sentence, which governs service on residents within the district within which the award was made, is inapplicable as well, petitioner concludes that the first sentence is controlling and that because it allows service to be made upon an adverse party *or his attorney* service was properly made.

While the Court agrees with petitioner that the third sentence applies only to nonresidents found in another district in the United States, it disagrees that the first sentence is left to control. See In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., 146 F.R.D. 64, 67 (S.D.N.Y. 1993) (Finding that because "foreign parties will not necessarily be found in *any* district" requiring parties to make service by a marshal in any district where a nonresident is found "might amount to requiring them to do the impossible.") See also In re Arbitration Between Trans Chemical Ltd. and China National Machinery Import and Export Corp., 978 F. Supp. 266, 299-300 (S.D. Tex. 1997), affirmed, 161 F.3d 314 (5th Cir. 1998) (Finding that section 9 of the FAA governing petitions to confirm arbitration awards is not the proper standard for service of process outside the United States as United States marshals do

not serve process outside the United States.); In re Arbitration Between Marine Trading Ltd. and Naviera Commercial Naylamp S.A., 879 F. Supp. 389, 391 (S.D.N.Y. 1995) (Finding that "the statute does not provide for service of the respondent at any location that does not lie within a judicial district of the United States.") Indeed, the import of the first sentence is that notice of a motion to modify or vacate an award must be served within three months after the award is filed or delivered. The second and third sentences then dictate how that is to be effectuated depending on whether the adverse party is a resident or nonresident. The fact that section 12 does not provide guidance for service outside the United States does not, in our view, mean that a petitioner may effectuate service in any manner whatsoever. To the contrary, in In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., 146 F.R.D. at 67, which petitioner has cited, the Court, having found that "[s]ection 12 provides *no* method of service for foreign parties not resident in any district of the United States," concluded that the proper fallback provision for service is found in Rule 4. Id. (emphasis added). See In re Arbitration Between Trans Chemical Ltd. and China National Machinery Import and Export Corp., 978 F. Supp. at 299-300.

The relevant portions of Rule 4 provide:

> (f) Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the

> Service Abroad of Judicial and Extrajudicial Documents.[5]
>
> * * *
>
> h) Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(I) thereof.

Fed. R. Civ. P. 4(f), (h), 28 U.S.C.

Here, it appears undisputed that petitioner has not complied with any of the Rule 4 provisions dealing with foreign parties which, as argued by respondents, do not provide for service on counsel where he or she is not authorized to accept such service.

---

[5]Respondents have represented, and petitioner does not dispute, that the United States and England have adopted the Hague Convention and that service thereunder could have been effected by sending a copy of the application to the respondents by overnight courier. See EOI Corp. v. Medical Marketing Ltd., 172 F.R.D. 133 (D.N.J. 1993). Indeed, petitioner has requested that, in the event that the Court should find that service was improperly made, that it be given time to effectuate service in just this manner. Petitioner's Response to Respondents' Motion to Dismiss, p. 7 n.4.

Petitioner nevertheless argues that service on respondents' counsel was proper, pointing to the arbitration provision in the Sorbie Products Agreement entered into between the parties which states, in part, that "All disputes under this Agreement involving [SAC] shall be settled by arbitration in Pittsburgh, Pennsylvania, before an arbitration panel of three arbitrators pursuant to the Commercial Arbitration Rules of the American Arbitration Association ["AAA"] . . . ." Amended and Restated Sorbie Products Agreement § 11.11.[6] Petitioner then points to Commercial Arbitration Rule 39 which provides:

> any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, *or its representative* at the last known address or by personal service, in or outside the state where the arbitration is to held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

AAA Commercial Arbitration Rule 39(b) (emphasis added). Because petitioner delivered the summons and a copy of the application to respondents' representative, petitioner argues service was properly effectuated.

It appears beyond dispute that parties may specify by contract the rules under which arbitration will be conducted and that the instant respondents agreed that the Commercial Arbitrations Rules would govern any arbitration proceedings arising under the Sorbie Products Agreement. See Roadway package System, Inc. v. Kayser, 257 F.3d 287, 292-93 (3d Cir. 2001), citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 478-79 (1989). International Technologies Integration, Inc. v. Palestine Liberation

---

[6]A copy of the Amended and Restated Sorbie Products Agreement is attached to respondents' motion to dismiss as Exhibit A (Docket No. 5).

Organization, 66 F. Supp. 2d 3, 11 (D.D.C. 1999) ("By agreeing to arbitrate under the aegis of the AAA, [the parties] incorporated into their Agreement the AAA's Commercial Arbitration Rules.") It would therefore appear that respondents agreed, as set forth in Rule 39, that any notices relating to any court action in connection with the arbitration proceeding may be served on a party's representative by mail or by personal service. Because Mr. Sheedy, upon whom service was made in this case, appears to have been respondents' representative during the arbitration proceeding and continues to represent them for purposes of contesting the instant application and in an effort to confirm the arbitration award, it appears that service upon him was proper. See Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 982 (2nd Cir. 1996) (Finding that service upon defendants' attorney, who was unquestionably their representative, was proper under the AAA rules which were incorporated into the parties' arbitration clause.)

In addition to contesting whether service of process was effective, respondents also challenge the sufficiency of process arguing that the summonses that were served upon Mr. Sheedy do not comply with Rule 4 which in relevant part provides:

> **(a) Form.** The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.
>
> **(b) Issuance.** Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

Fed. R. Civ. P. 4 (a), (b), 28 U.S.C. Respondents contend that the summonses were deficient because they were merely photocopies and did not bear the Clerk's seal and, thus, under Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1995), in which the Court held that an unsigned and unsealed summons did not confer personal jurisdiction over the defendant, dismissal is required.

Petitioner has not directly addressed respondents' argument in this regard other than to state in the Factual Background section of its brief that "[t]he summonses were signed and sealed" and to cite In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., 146 F.R.D. at 68, for the proposition that defects in sufficiency of process will be disregarded in the context of an arbitration case where notice of the motion to vacate was timely received by the party's attorney. Petitioner's response to Respondents' Motion to Dismiss, pp. 4, 7. Notwithstanding that In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., does not speak to the sufficiency of process as petitioner has suggested since only effective service of process was at issue in that case, the Court nevertheless believes that the rationale behind the Court's ruling is equally applicable to sufficiency of process and that the absence of the Court seal on the summonses served on respondents in this case does not require dismissal. Indeed, in In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., like in the instant case, the petitioner filed a motion to vacate part of an arbitration award which the respondent sought to have dismissed and at the same time asked to have the award confirmed. Finding, as we have here, that section 12 of the FAA does not provide any method of service for foreign parties not resident in any judicial district of the United Sates, the Court concluded that the proper fallback provision for service was Fed. R. Civ.

P. 4, and in particular 4(e) and 4(i). Although neither of those provisions provided for serving a foreign corporation by sending a document from one attorney to another by regular mail as the petitioner had done, the Court nevertheless found that "[d]efects in service of process may ... be excused where considerations of fairness so require, at least in cases that arise pursuant to arbitration proceedings," and that because it was clear that there was jurisdiction over the arbitration and that there was sufficient notice to apprise the respondent of the action being taken, defective service of process was not fatal to the petitioner's case. Id. at 68, 71-72.

Here, we have already found that service of process was properly made. The fact that the sufficiency of process was lacking because the summonses may not have borne the Clerk's seal does not negate that there was jurisdiction over the arbitration and that the notice was sufficient to apprise respondents of the action being taken. Nor does it appear that there has been any apparent prejudice to respondents.[7] Moreover, as was also true in In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., respondents have filed their own petition in this action to confirm the very award that petitioner seeks to have vacated. Under these circumstances, it would appear that principles of fairness would permit the Court to find that it has not been deprived of jurisdiction over respondents.

In this manner, Ayres v. Jacobs & Crumplar, P.A., 99 F.3d at 569, upon which respondents rely, is distinguishable from the case at bar. First, the Court in that case found that, in addition to the process itself being insufficient, service of process -- which has been found proper here -- was also defective. Moreover, the Court noted that the plaintiff in that case did not

[7] We also reiterate here that, although not evident from the photocopies of the summonses that respondents have attached to their motion that a seal was affixed thereto, petitioner has represented that the summonses were, in fact, sealed. See Respondents' Exhibit B.

even attempt to follow the rules (and failed to provide any justification for failing to do so) but merely obtained a copy of a summons which she then filled out herself without even appearing before the Clerk much less obtaining the Clerk's signature or seal. Here, on the other hand, it appears undisputed that petitioner obtained the summonses from the Clerk of Court as evidenced by the fact that they bear the signature of a deputy clerk. Most important, however, is that in Ayers the case was not before the Court in the context of an arbitration proceeding over which jurisdiction was clear. Rather, the plaintiff had brought a civil action challenging the termination of her employment which would perhaps have required the Court to render judgment against the defendant. In the present case, however, the Court is being asked to either confirm or vacate an award already issued by a panel of arbitrators. Thus, despite the seemingly rigid holding in Ayers, it does not appear to compel dismissal under the instant set of facts. See In re Arbitration between Marine Trading Ltd. v. Naviera Commercial Naylamp, S.A., 879 F. Supp. at 392, citing Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972) (Declining to dismiss the petition to confirm arbitration award as Second Circuit has held that standards for service are to be liberally construed in the context of arbitration.); In re Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp., 146 F.R.D. at 68 (Considerations of fairness may excuse failure to follow the rules of civil procedure in arbitration cases). See also Farrace v. United States Dept. of Justice, 220 F.R.D. 419, 422 n.3 (D. Del. 2004) (Finding that plaintiff's failure to comply with Rule 4(a) was not fatal to his case where the defendant had not claimed that they were prejudiced by the defects and had actual notice of the suit.); Jordan v. Storage Technology Corp., 1999 WL 800582 (E.D. Pa. October 7, 1999) (Finding that Ayers was distinguishable as the policy concerns in that case were not presently at issue).

Respondents also argue that petitioner's motion should be dismissed because they have yet to be properly served as required under the FAA and the three month limitations period for serving notice of a motion to vacate or modify has lapsed.

As previously discussed, under the FAA a notice of a motion to vacate or modify an award must be served within three months after the award is delivered. 9 U.S.C. § 12. Because the award in this case was delivered to the parties on October 26, 2004, petitioner was required to make proper service on or before January 26, 2005. As respondents acknowledge, notice of the motion was served on counsel for respondents on January 10, 2005. Because the Court has already found that this manner of service was proper under the AAA's Commercial Arbitration Rules and in accordance with the parties' agreement, it appears that service was properly made within the three month limitations period and respondents' argument does not provide a basis for dismissing the motion.

Finally, respondents argue that petitioner may no longer challenge the arbitration award under Pennsylvania law since under Pennsylvania's common law statute a motion to vacate or modify an award must be filed in the Court of Common Pleas within thirty days of the date of the award, which petitioner did not do. See 42 Pa.C.S.A. § 7342(b).

Significantly, petitioner has not addressed this issue except to suggest in a footnote set forth in the procedural history section of its brief that the preliminary objections it filed in the Court of Common Pleas in response to respondents' motion to confirm somehow serves as an application to vacate under Pennsylvania law. See Petitioner's Response to Respondents' Motion to Dismiss, p. 2 n.2. Unfortunately, Pennsylvania law is to the contrary. See Sage v. Greenspan, 765 A.2d 1139, 1142 (Pa. Super. 2000), allocatur denied, 784 A.2d 119

(Pa. 2001) (Raising objections to arbitration award in response to appellant's petition to confirm did not preserve appellee's challenge to award); Lowther v. Roxborough Memorial Hosp., 738 A.2d 480, 486 (Pa. Super. 1999), allocatur denied, 758 A.2d 1194 (2000) (Finding that appellant's objections filed in response to appellees' petition to confirm the award was procedurally inadequate to preserve appellant's objections.) Further, even if petitioner were correct in this regard, by its own admission it did not file its preliminary objections until March 22, 2005, which is more than thirty days after the arbitration panel denied petitioner's motion for reconsideration on November 24, 2004, and certainly more than thirty days after the award was first issued on October 25, 2004.

Nevertheless, petitioner filed its application to vacate the award in this Court within thirty days of the arbitrators' ruling on its motion for reconsideration and, thus, appears to have preserved its challenge to the award. Indeed, as already discussed, the record demonstrates that the arbitrators denied petitioner's motion for clarification and/or reconsideration on November 24, 2004, and that petitioner filed the instant petition seeking to vacate and/or modify the award on December 23, 2005.[8]

---

[8]Although neither side has addressed whether or not a timely filed motion to reconsider will toll the limitations period within which to challenge an arbitral award, and the Court has found no Pennsylvania cases which specifically address the issue, the Superior Court of Pennsylvania has arguably suggested that it would. In Sage v. Greenspan, 765 A.2d 1139 (2001), upon which respondents have relied, the Court found that appellees, having only objected to the arbitration award in their opposition to appellant's motion to confirm, waived the right to challenge the award by failing to file a motion to vacate. In so finding, however, the Court took note that no motion to vacate had been filed within thirty days of the date the original decision was rendered (July 27, 1999), or the date the arbitrator issued an amended award (September 22, 1999), which he issued in response to appellees' motion to reconsider. Had the motion to reconsider not served to toll the statute of limitations, the thirty days would have expired on August 26, 1999, and there would have been no need for the Court to consider or even mention the date the amended award was issued. Indeed, the prospect that a motion to reconsider may

Although respondents suggest that Pennsylvania law requires that a motion to vacate be filed in the Court of Common Pleas, the Pennsylvania common law statute does not use such language. To the contrary, 42 Pa.C.S.A. § 7342(b), provides only that:

> (b) Confirmation and judgment. On application of a party made more than 30 days after an award is made by an arbitrator under § 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order....

Moreover, although the cases relied upon by respondents do state that this provision requires that "any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within 30 days of the date of the award," this Court believes that respondents have read these cases and this language out of context. See Lundy v. Manchel, 865 A.2d 850, 853 n.2 (Pa. Super. 2004); Sage v. Greenspan, 765 A.2d at 1142. In our view, the Superior Court's mention of the Court of Common Pleas was merely a reference to the proper state court in which a motion to vacate or modify had to have be filed *in those cases* as those cases were, in fact, brought in state court. Indeed, the Superior Court was sitting in review of orders issued by the Court of Common Pleas in which petitions to confirm the respective awards had been filed. Thus, finding that the opposing party had to have filed a motion to vacate in the Court of Common Pleas within thirty days to preserve any objections to the award was appropriate under those circumstances but does not, in the Court's view, mean that the Court of Common Pleas is the only court in which the motion may be filed in every case in order to preserve objections to an arbitration award.

---

result in an amended award, one in which the arbitrator could arguably reverse himself, would appear to suggest that tolling is appropriate.

Here, petitioner chose to challenge the award in federal court and filed an application to vacate or modify the award in the United States District Court within thirty days of the arbitrators' denial of its motion for reconsideration. Under these circumstances, it appears that SAC has properly preserved its challenge to the award under Pennsylvania law.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of respondents (Docket No. 5) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 17 November, 2005.

cc: Hon. Terrence F. McVerry
United States District Judge

James W. Bentz, Esquire
Bentz Law Firm, P.C
The Washington Center Building
680 Washington Road, Suite 200
Pittsburgh, PA 15228

Edward T. Harvey, Esquire
Hergenroeder Rega & Sommer, LLC
Centre City Tower, Suite 1700
650 Smithfield Street
Pittsburgh, PA 15222

Dennis M. Sheedy, Esquire
Law Offices of Dennis M. Sheedy
1382 Old Freeport Road
Pittsburgh, PA 15238